IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARQWANN D. MOORE,<br><br>Plaintiff<br><br>v.<br><br>JOSHUA ALLISON, et al.,<br><br>Defendants | Case No. 1:19-cv-231<br><br>UNITED STATES MAGISTRATE JUDGE<br>RICHARD A. LANZILLO<br><br>MEMORANDUM OPINION AND<br>ORDER ON DEFENDANTS' MOTION<br>TO DISMISS [ECF No. 14] |

I.   Introduction

Plaintiff Marqwann Moore, an inmate in the custody of the Erie County Prison, initiated this pro se action on August 19, 2019. ECF No. 1. In his complaint, Moore asserts violations of the First and Fourth Amendments to the United States Constitution based on the conduct of police officers Joshua Allison and Jason Russell during a traffic stop and subsequent cavity search on July 21, 2019.[1] *Id.* Moore seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983. *Id.*

Presently pending is Defendants' motion to dismiss for failure to state a claim [ECF No. 14] and brief in support [ECF No. 15]. In their motion, Defendants construe Moore's complaint as raising a First Amendment retaliation claim, a Fourth Amendment claim for excessive force, a Fourth Amendment claim for unreasonable search and seizure, and a state law claim for intentional infliction of emotional distress. ECF No. 15 at 3. In his response in opposition to Defendants' motion, Moore clarifies that he is "not challenging [the] legality of his arrest," but

---

[1] Although he does not refer to it in his complaint, Moore's excessive force claims may also implicate the Eighth Amendment.

1

rather "only the excessive force . . . and retaliation used." ECF No. 17 ¶ 7. It also appears that Moore has abandoned his intentional infliction of emotional distress (IIED) claim.[2] *See, generally*, ECF No. 17. With these clarifications in mind, this matter is ripe for disposition.[3]

II.     Factual Background

The following allegations from Moore's complaint are accepted as true for purposes of this motion. On July 21, 2019, Moore was operating his vehicle around 1:10 a.m. when Russell and Allison began following him in an unmarked City of Erie patrol unit. ECF No. 5 ¶ 3. Defendants followed Moore for several blocks before flashing their lights and initiating a traffic stop. *Id.* ¶ 5. After answering a few initial questions, Moore questioned the legitimacy of the traffic stop, noting that he had not been speeding or driving erratically. *Id.* ¶ 6. This caused Russell to become "blatantly upset" and ask for Moore's identification. *Id.*

After examining Moore's identification, Russell asked Moore to exit his vehicle. *Id.* ¶ 7. Moore indicated that he did not feel safe doing so and accused the officers of harassment. *Id.* Russell become flushed and agitated and told Moore that his "black ass is going to jail." *Id.* When Moore attempted to use his cell phone to dial 911 and speak with a supervising officer, Russell reached into the window of Moore's vehicle, unlocked the door, "dragged [Moore] out of the vehicle," placed him in handcuffs, and informed him that he was being arrested for "not being compliant" and "driving under a dui suspension." *Id.* ¶¶ 8-9.

---

[2] Moore did not respond to Defendants' arguments concerning the IIED claim in his response. Consequently, the Court concludes that Moore is either not asserting a claim for IIED or has elected to abandon that theory of liability. *See, e.g., Tambasco v. United States Dept. of Army*, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claims as unopposed when the plaintiff failed to respond to arguments made by the defendants in support of their motion to dismiss); *Lada v. Delaware County Community College*, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

After securing Moore, Defendants drove him to the Erie Police Station in the back of their patrol car. *Id.* ¶ 10. During the ride, Allison told Russell that he was going to "enjoy giving this fat fuck a cavity search since he thinks he's Johnny Cochran or a lawyer." *Id.* Once they reached the station, Russell and Allison escorted Moore to a cell, ripped his clothes off, and performed a cavity search of Moore's rectum while several other officers watched. *Id.* ¶ 12. An unknown officer "put his finger inside [Moore's] rectum twice" and discovered a small bag of narcotics. *Id.* ¶ 12. Moore contends that this caused "anal bleeding and extreme discomfort." *Id.*

Following the search, Moore's handcuffs were removed and he was placed in a holding cell. Moore ultimately pled guilty to a summary offense of driving with a suspended license and a misdemeanor offense for possession of narcotics. ECF No. 14-3.[4]

III.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is

---

[4] Because Moore's state criminal docket is a matter of public record, the Court may consider that document without converting Defendants' motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Basile v. Township of Smith*, 752 F.Supp.2d 643, 648 n. 4 (W.D. Pa. 2010) (observing that common pleas court dockets are the type of public record that can be considered on a motion to dismiss without conversion).

plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific

4

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

IV.   Analysis

In his complaint, Moore alleges that Defendants retaliated against him for "exercising" and "vocalizing" his constitutional rights during the initial traffic stop and used excessive force when they removed him from his vehicle and performed the cavity search at the police station. Defendants respond that: (1) Moore's retaliation claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) Moore has failed to state a claim for excessive force; (3) Russell is entitled to qualified immunity for his actions during the traffic stop; and (4) Moore's request for unliquidated damages should be stricken pursuant to Local Rule of Civil Procedure 8. ECF No. 15 at 4.[5] To the extent necessary to resolve the pending motion, each of these defenses will be addressed in turn.

---

[5] Defendants also urge the Court to decline to exercise supplemental jurisdiction over Moore's state law claim for IIED. The Court need not consider this request because it appears that Moore has abandoned his IIED claim.

A. *Heck v. Humphrey*

Moore first contends that Russell and Allison violated his right to free speech by arresting him in retaliation for "exercising" and "vocalizing" his constitutional rights. Moore alleges that Defendants' agitation and anger when Moore questioned the legality of the traffic stop led directly to his subsequent arrest. Defendants respond that this claim is barred by the "favorable termination" rule established by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

As a general matter, the First Amendment "prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted). This protection encompasses "a significant amount of verbal criticism and challenge directed at police officers," *Houston v. Hill*, 482 U.S. 451, 461 (1987), including "nonprovocatively voicing an objection to what one objectively feels is a highly questionable detention by a police officer." *Perez v. Vega*, 2019 WL 1045387, at *4 (E.D. Pa. Mar. 5, 2019). To establish a claim for retaliation, a plaintiff must allege: "(1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." *George v. Rehiel*, 738 F.3d 562, 585 (3d Cir. 2013). Where the alleged retaliation results in the plaintiff's arrest, the plaintiff "must also show the absence of probable cause for the arrest." *Yoast v. Pottstown Borough*, -- F.Supp.3d --, 2020 WL 529882, at *4 (E.D. Pa. Feb. 3, 2020). *See also Walker v. Clearfield Cnty. DA*, 413 Fed. Appx. 481, 483 (3d Cir. 2011) (noting that the absence of probable cause is a fourth element required to state a First Amendment retaliatory arrest claim).

In the instant case, Moore pleaded guilty to several of the criminal charges stemming from his arrest. Based on Moore's admission of guilt, Defendants maintain that he cannot establish the final element of his retaliation claim – the absence of probable cause – without running afoul of *Heck's* "favorable termination" rule. The Court agrees.

In *Heck*, the Supreme Court held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and internal citation omitted). In other words, "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

As recently reiterated by the United States Supreme Court, "[t]he presence of probable cause . . . generally defeat[s] a First Amendment retaliatory arrest claim." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019). Consequently, Moore's First Amendment retaliatory arrest claim hinges on whether he can demonstrate that Russell and Allison lacked probable cause when they arrested him. *Hartman*, 547 U.S. at 258; *Nieves*, 139 S. Ct. at 1726. Moore cannot make that demonstration without impugning the validity of his guilty plea in the underlying criminal proceeding. A review of the state court docket for his criminal case confirms that his plea has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

7

issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Consequently, Moore's retaliatory arrest claim is barred by *Heck* and must be dismissed.[6]

  B. Failure to state a claim

Moore next contends that Russell and Allison violated his Fourth Amendment right to be free from unreasonable searches and seizures by utilizing excessive force: (1) when removing him from his vehicle, and (2) while performing a cavity search for narcotics at the Erie Police Station. Defendants counter that the force used in each instance was reasonable under the circumstances and that their actions are protected by qualified immunity.[7]

"Use of excessive force by a state official effectuating a search or seizure violates the Fourth Amendment." *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (quoting *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)) (internal quotation marks omitted). Because there appears to be no dispute that Moore was seized, "the only question is whether the alleged use of force during that seizure was unreasonable." *Ansell v. Ross Twp, Penn.*, 419 Fed. Appx. 209, 212 (3d Cir. 2011).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). The Supreme Court has provided a series of considerations to guide courts in assessing the

---

[6] Said dismissal is without prejudice to Moore's ability to reassert his claims should his guilty plea ultimately be reversed or otherwise overturned.

[7] Because the Court concludes that Moore has failed to state a claim, it need not consider whether qualified immunity applies at this time. However, Defendants are free to reassert the doctrine of qualified immunity in response to an amended complaint, should one be filed.

reasonableness of the use of force including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). In addition, the Court of Appeals for the Third Circuit has directed courts to consider "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Ansell*, 419 Fed. Appx. at 213 (quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)). Whether an officer's use of force was reasonable "is an inherently fact-based inquiry." *McKay v. Krimmel*, 2020 WL 1479133, at *3 (E.D. Pa. Mar. 25, 2020).

Turning first to the vehicle incident, Moore alleges only that Russell "physically restrained [Moore] and dragged him out of the vehicle and handcuffed him." ECF No. 5 ¶ 8. This occurred immediately after Moore refused Russell's request to exit his vehicle because he feared for his safety and believed the traffic stop was illegal. *Id.* These bare-bones allegations are insufficient to create a plausible inference that a constitutional violation occurred, even at the pleadings stage. Among other things, Moore fails to provide critical details such as where Russell grabbed him, how much force he used to remove him from his vehicle and place him in handcuffs, and whether Moore was resistant or compliant at the time. Nor does he specify whether he sustained any physical injury. *Desabatino v. Biagini*, 2020 WL 3469757, at *5 (W.D. Pa. June 24, 2020) ("[T]he presence or absence of physical injury is probative evidence of whether the force used was excessive.") (quoting *Velius v. Twp. of Hamilton*, 754 F. Supp. 2d 689, 694 (D.N.J. 2010)). In the absence of these and other details, Moore has failed to plead a right to relief that rises above the speculative level. However, because of the possibility that

such facts exist, the Court will provide Moore with an opportunity to amend his complaint to cure these deficiencies.

The Court reaches the same conclusion with respect to the cavity search. Moore alleges that an unidentified officer put on gloves, stripped him, told him to bend over, and then probed his rectum with a finger twice and removed a baggie of illegal narcotics causing "anal bleeding and extreme discomfort." *Id*. While a strip search may constitute a "significant intrusion on an individual's privacy," *United States v. Whitted*, 541 F.3d 480, 486 (3d Cir. 2008), strip searches do not violate the Fourth Amendment when they take place in the prison or detention facility setting and where officials conduct searches in a reasonable manner to maintain security and search for contraband or weapons. *See Florence v. Board of Chosen Freeholders of Cty. of Burlington*, 621 F.3d 296, 309-11 (3d Cir. 2010); *Millhouse v. Arbasak*, 373 Fed. Appx. 135, 137 (3d Cir. 2010) (holding that prison officials may conduct visual body cavity searches if performed in a reasonable manner). Allegations that a strip search was degrading or embarrassing also fail to state a constitutional violation. *See Millhouse*, 373 Fed. Appx. at 137 (body cavity strip "searches, even if embarrassing and humiliating, do not violate the constitution"). However, an excessive force claim may arise under the Fourth or Eighth Amendment if the search is conducted in a physically abusive manner. *See, e.g., Jordan v. Cicchi*, 428 Fed. Appx. 195, 199-200 (3d Cir. 2011) (explaining that an excessive force claim arising from a strip search may proceed under either the Fourth Amendment or the Eighth Amendment); *Robinson v. Ricci*, 2012 WL 1067909, at *17 n. 6 (D.N.J. Mar. 29, 2012) (noting that, in addition to a possible Fourth Amendment violation, the "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

Here, Moore has failed to allege facts suggesting that he experienced a brutish or physically abusive intrusion. His description of the incident states only that an unidentified officer "put his finger inside [Moore's] rectum twice" while he was handcuffed. There is nothing in the complaint to create an inference that the officer used more force than was necessary to discover and confiscate the contraband in Moore's rectum. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (noting that the constitutional prohibition of excessive force "necessarily excludes . . . de minimus uses of physical force") (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Moreover, while Moore indicates that he experienced discomfort and bleeding, he does not allege that he sustained a serious injury. *See id.* at 7 (noting that the absence of a serious injury, while not dispositive, is relevant to the Court's excessive force inquiry). In the absence of specific factual allegations suggesting that the amount of force used to conduct the search was unreasonable, Moore's excessive force claim must be dismissed. As discussed below, however, Moore will again be provided an opportunity to amend his pleading.

A. Leave to amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to pro se litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Here, because it is not clear that amendment would be futile as to Moore's Fourth Amendment claims, the Court will provide Moore with an opportunity to file an amended complaint. Moore should provide, in detail, any and every fact that he believes will help him to establish the legal elements of his excessive force claims. Moore is reminded that an amended

complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).

Moore's retaliation claim, on the other hand, is barred by *Heck v. Humphrey*. Although that claim must be dismissed without prejudice, Moore should only include it in his amended complaint if he can demonstrate that his guilty plea in the underlying criminal case has been reversed or otherwise overturned.

V.     Conclusion

For the reasons stated herein, Defendants' motion to dismiss [ECF No. 14] is GRANTED. Moore may attempt to remedy the deficiencies identified in this order by filing an amended complaint, if factually warranted, within thirty (30) days of this order. Failure to file an amended complaint within that timeframe will result in dismissal of this action, with prejudice.

```
                                        /s/ Richard A. Lanzillo
                                        RICHARD A. LANZILLO
                                        United States Magistrate Judge
```

Dated: July 1, 2020